15-1932-pr
Baez v. Pinker

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
               REENA RAGGI,
               GERARD E. LYNCH,
                 *Circuit Judges.*

------------------------------------------------------------------------

CANDIDO BAEZ,

         *Plaintiff-Appellant*,

     v.                               No. 15-1932-pr

LIEUTENANT PINKER, SING SING CORRECTIONAL FACILITY, SERGEANT MCNAMARA, CORRECTIONAL OFFICER MALDONADO, DEPUTY DAWSON BROWN, ACTING SUPERINTENDENT, WILLIAM A. LEE, DEPUTY OF SECURITY, DEPUTY WILLIAM KEYSER, DEPUTY OF SECURITY, CAPTAIN RONALD BRERENTON, NORMAN R. BEZIO, SPECIAL HOUSING UNIT, MICHAEL CAPRA, SUPERINTENDENT, RONALD W. MOSCICKI, SUPERINTENDENT, LAKEVIEW CORRECTIONAL FACILITY, CAPTAIN HIRSCH, SERGEANT HULTON, DEPUTY JUSTIN THOMAS, SUPERINTENDENT OF PROGRAM, E. O'MEARA, DEPUTY OF ADMINISTRATION, JAMES FESTA, FOIL OFFICER, KEVIN O'BRIEN, DEPUTY OF PROGRAM, BRYAN CLARK, DEPUTY OF SECURITY, MARK DRUMSTA, LIEUTENANT, JOSEPH CHISOLM,

1

GRIEVANCE SUPERVISOR, BETHEA, CORRECTION OFFICER, NICHOLAS DEANGELIS, PROPERTY ROOM OFFICER, HAROLD GRAHAM, SUPERINTENDENT, AUBURN CORRECTIONAL FACILITY,

*Defendants-Appellees*,

#1 JOHN DOE, CONFIDENTIAL INFORMANT, CORRECTIONAL OFFICER METHEA, #2 JOHN DOE, DEPUTY OF PROGRAM (LCF), #3 JOHN DOE, DEPUTY OF SECURITY, LIEUTENANT JOHN DOE, #4, #5 JOHN DOE, GRIEVANCE SUPERVISOR, #6 JOHN DOE, PROPERTY ROOM OFFICER, ELYSE J. ANGELICO, ASSISTANT ATTORNEY GENERAL,

*Defendants*.

----------------------------------------------------------------------------

APPEARING FOR APPELLANT:   DORA PAULA GEORGESCU (Douglas F. Broder, Erica R. Iverson, Elise M. Gabriel, *on the brief*), K&L Gates LLP, New York, New York.

APPEARING FOR APPELLEES:   SETH M. ROKOSKY, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 4, 2015, is AFFIRMED.

Plaintiff Candido Baez appeals the dismissal of his complaint, which alleged, pursuant to 42 U.S.C. § 1983, multiple constitutional violations during his incarceration, including, as relevant here, being forced to attend his father's funeral in state-issue release

2

clothes.[1]  We review *de novo* a judgment of dismissal, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 43 (2d Cir. 2016).  Because we "may affirm on any ground supported by the record," *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) (internal quotation marks omitted), we need not consider the correctness of the ground relied upon by the district court.   In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

It is not entirely clear whether Baez's funeral-attendance claim asserts a deprivation of procedural or substantive due process.  We need not pursue that point because, to maintain either claim, he must plausibly allege a protected liberty interest, *see Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (substantive due process); *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 571–72 (1972) (procedural due process), which he fails to do.

A protected liberty interest can arise from state statutes or regulations that use mandatory language to "plac[e] substantive limitations on official discretion," *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *accord Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).[2]  If the state decisionmaker "is not required to base its decisions on objective and defined criteria, but instead can deny the requested relief for any constitutionally

---

[1]  A motions panel of this court granted Baez leave to proceed with his appeal as to his "due process claim related to attendance at his father's funeral," but dismissed his appeal as to all other claims.   Mot. Order, Dec. 15, 2015, ECF No. 34.

[2] Baez relies entirely on state regulations as the source of his claimed liberty interest, and makes no claim to a liberty interest arising from any other source.

permissible reason or for no reason at all, the State has not created a constitutionally protected liberty interest." *Olim v. Wakinekona*, 461 U.S. at 249 (citations and internal quotation marks omitted).

Here, Baez claims that regulations of the New York State Department of Corrections and Community Supervision ("DOCCS") afforded him a liberty interest in wearing his own clothes to his father's funeral.[3] The DOCCS regulations do not convey that right.

New York law states that the DOCCS commissioner "may permit" an inmate to attend the funeral of an immediate family member, "but the exercise of such power shall be subject to such rules and regulations as the commissioner shall prescribe, respecting the granting of such permission, . . . transportation and care of the inmate, and guarding against escape." N.Y. Correction Law § 113. Baez nevertheless maintains that N.Y. Comp. Codes R. & Regs. tit. 7, § 52.20, issued by DOCCS, supports his asserted liberty interest insofar as it states that, "[w]hen granted permission to . . . attend a funeral of a member of his immediate family, the inmate shall appear in civilian clothes."[4]

This language does not mean a state prisoner has a constitutional right to wear his own clothing to the funeral. That is evident from operative DOCCS Directive 4901,

---

[3] Although Baez's brief could be read to suggest that he was claiming a liberty interest in not being handcuffed or shackled at the funeral, at oral argument counsel clarified that he was not making such an argument. Accordingly, we do not reach, and express no views concerning, any such contention.

[4] Baez located further support for his claim in a regulation promulgated by the state Commission of Correction, which states that "[i]nmates shall be permitted to wear their own personal clothing during funeral or deathbed visits." N.Y. Comp. Codes R. & Regs. tit. 9, § 7051.8(d). He now concedes, however, that this regulation applies only to persons confined in local correctional institutions, and "does not apply" to the state facility in which he was housed at the time of his father's funeral. Appellant's Reply Br. 7.

4

which states that, when an inmate is transported to a funeral, "the inmate shall be given the option to wear either the State-issue green clothing or the State-issue release clothing." Appellees' Addendum 15. The latter category is specifically defined in DOCCS Directive 3081 to include a pair of khaki trousers and a white shirt. *See id.* at 5. In short, such "State-issue release clothing," so defined, *id.*, satisfies the "civilian clothes" requirement of N.Y. Comp. Codes R. & Regs. tit. 7, § 52.20.

Read together, the cited regulations and policy directives operate to allow an inmate who has been permitted to attend a funeral to wear civilian clothes in the form of State-issue release clothing—which is precisely what Baez wore. The state regulations do not establish a protected right for inmates to wear their own clothing.

*Tellier v. Fields*, 280 F.3d 69, cited by Baez, warrants no different conclusion. In that case, we concluded that a warden's discretion in placing a prisoner in the Special Housing Unit "is not boundless and continuing," but, rather, subject to certain procedural requirements. *Id.* at 82. Here, we need not delineate the scope of a state official's conceded discretion in allowing Baez to attend the funeral in the first place because the regulations simply do not provide for the right Baez asserts.

In urging otherwise, Baez argues that "Directive 3081 creates a liberty interest in being presented in a dignified and respectful manner." Appellant's Reply Br. 8. Even assuming, for the sake of the argument, that language in an internal policy directive of a state agency, as opposed to a state law or regulation, can give rise to a protected liberty interest, the language to which Baez points to support that assertion—that inmate clothing has been designed to "ensure proper dress, . . . enhance morale, and give each inmate a sense of responsibility and pride in a neat and clean appearance," *id.* (quoting DOCCS

5

Directive 3081, Appellees' Addendum 1)—cannot be said to be a "specific directive[] to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow," *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989), that is, that an inmate must be allowed to wear his own clothes. That language does not supersede the specific language of Directives 3081 and 4901, which state that an inmate permitted to attend a family funeral who wants to wear civilian clothes rather than state-issue green clothing can wear state-issue release clothing. The Directive 3081 provisions cited by Baez dealing with proper fit and wrinkling apply to inmates being sent to temporary release facilities or appearing in court, not to those attending a family funeral.

Thus, Baez's due process claim was correctly dismissed for failure to plead a cognizable liberty interest.

To the extent he claims a violation of substantive due process, dismissal was further warranted by his failure to allege governmental conduct so "egregious" and "outrageous" as "to shock the contemporary conscience." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (internal quotation marks omitted). Nor can Baez resurrect his claim by reference to the Eighth Amendment's prohibition on cruel and unusual punishment. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Trammell v. Keane*, 338 F.3d 155, 162 (2d Cir. 2003) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (2003)). The facts alleged here do not rise to that level.

We have considered all of Baez's other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of dismissal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court